**SUPREME COURT OF THE STATE OF NEW YORK**
**ONEIDA COUNTY**

---

RICHARD GIBBS, on behalf of himself, RICHARD GIBBS, on behalf of all other persons similarly situated,

                *Plaintiff*,

-against-

WAL-MART ASSOCIATES, INC., and any other affiliated entities that employed Plaintiff and members of the putative class,

                *Defendant*.

**SUMMONS**

---

**ATTENTION TO THE DEFENDANT NAMED:**

- <u>WAL-MART ASSOCIATES, INC.</u>: *111 Eighth Avenue, New York, NY 10011*.

**PLEASE TAKE NOTICE THAT YOU ARE SUMMONED** and required to serve upon plaintiff, at the address stated below, a notice of appearance or demand for a complaint within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to serve a notice of appearance or demand for a complaint, a judgment will be entered against you by default for the relief demanded herein.

**VENUE DESIGNATION:**

1. This Court has jurisdiction over Plaintiff's claims pursuant to New York's Civil Practice Law and Rules ("CPLR") Sections 301 and 302.
2. Venue is proper in this Court pursuant to NY CPLR 503(a) because a substantial part of the events giving rise in this complaint occurred in this county.

Dated:   New York, NY
           January 22, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

*/s/ Mohammed Gangat*

Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810,
New York, NY 10017
mgangat@gangatpllc.com
718-669-0714

*Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**ONEIDA COUNTY**

| | |
|---|---|
| RICHARD GIBBS, on behalf of himself, Richard Gibbs, on behalf of all other persons similarly situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>WAL-MART ASSOCIATES, INC., and any other affiliated entities that employed Plaintiff and members of the putative class,<br><br>*Defendant*. | **COMPLAINT**<br><br>**Plaintiff Demands Trial By Jury** |

Plaintiff Richard Gibbs ("Named Plaintiff" or "Gibbs"), on behalf of himself and the putative class, for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), and on behalf of himself only for violations of the New York State Human Rights Law ("NYSHRL"), and for any other causes of action that can be inferred from the facts set forth herein, brings this action for damages and other legal and equitable relief against defendant Wal-Mart Associates, Inc. ("Defendant" or "Wal-Mart"), and upon personal knowledge as to himself and upon information and belief as to others, alleges:

1.  This lawsuit seeks to recover uniform maintenance pay for Plaintiff and similarly situated hourly workers in the Deli section who were required to wear uniforms and not paid weekly uniform maintenance pay. The wash and wear exception does not apply to the Plaintiff or putative class because Defendant's policies and practices with respect to uniforms fail to provide employees with a sufficient number for the number of shift worked each week.

2.  This lawsuit also brings individual claims on behalf of plaintiff where he seeks to recover damages pursuant to the New York State Executive Law, Article 15, § 290 et seq., also known as the New York State Human Rights Law (the "NYSHRL"). Plaintiff alleges he was

wrongfully terminated and not reinstated in a timely manner on account of his disability and/or in retaliation for his disability.

3. Wal-Mart is a Delaware corporation headquartered in Arkansas and big box store retailer that sells grocery and retail products at approximately 98 locations in New York State, while employing over 38,000 employees in the state, including several thousand employees in the deli sections of their grocery departments who prepare, package, and serve food items to Wal-Mart's customers and qualify as hospitality industry fast food workers under § 146-3.13 of New York State's December 31, 2016 Department of Labor Hospitality Industry Wage Order ("Wage Order").

## PARTIES

4. Plaintiff Richard Gibbs is an adult, over eighteen years old, residing in the State of New York, Oneida County.

5. Plaintiff and the Proposed Class were, throughout their entire employment with Defendant, covered, non-exempt employees working in the hospitality industry within the meaning of the NYLL and the New York State's Department of Labor Hospitality Industry Wage Order.

6. Defendant Wal-Mart Associates, Inc. is a foreign business corporation organized and existing under the laws of the State of Delaware with its headquarters located in Arkansas and a principal place of business and service of process address located at 708 Southwest 8th Street, Bentonville, Arkansas 72716.

7. Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

8. Defendant maintained control, oversight, and direction over Plaintiff and the proposed class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

9. Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiff and the proposed class, is considered an employer under the NYLL.

10. Defendant applies the same employment policies, practices, and procedures to all non-exempt workers, including deli workers in its operation, including policies, practices, and procedures with respect to its uniform policy.

11. Defendant operates deli sections as part of its grocery store departments in its stores and in the deli Defendants prepares and offers food for customer consumption.

## CLASS ALLEGATIONS

12. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated on-exempt employees paid on on an hourly basis who worked for Defendant in its deli departments in the State of New York at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the Class Period").

13. The Class Period is further expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

14. Defendant required Plaintiff and the proposed class to wear a uniform consisting of a shirt emblazoned with Defendant's Wal-Mart logo as well as an apron.

15. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules. Plaintiff bring this action on his own behalf and as a class consisting of:

> All current and former deli employees working for Wal-Mart Associates, Inc. in the State of New York during the Class Period.

16. The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the Class is believed to be in excess of 2000 individuals. In addition, the names of all potential members of the Class are not known.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18. There is no conflict between Plaintiff and any other member of the Class.

19. The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

1. Whether Defendant required a uniform?
2. How many of each uniform were provided?
3. How many hours per week did the employee work for purposes of determining entitlement to the "low", "middle" or "high" rate for uniform maintenance pay as per 12 NYCRR § 146-1.7?
4. For how many uniforms did the employer reimburse the employee purchase and wear at work?
5. What were the number of regularly scheduled work shifts per week?
6. Whether Defendant failed to reimburse the cost of purchasing the required uniform?
7. Whether Defendant laundered or offered to launder the required uniforms?

20. The claims of Plaintiff are typical to the claims of the Class because they are all current or former employees of Defendant who sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

21. Plaintiff and his counsel Mohammed Gangat, Esq. will fairly and adequately protect the interests of the Class.

22. Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## **FACTS**

24. Defendant Wal-Mart Associates, Inc. operates big box grocery and retail stores in New York State and throughout the world.

25. Wal-Mart has over 4,700 stores in the United States, including approximately 98 stores in New York State, each of which has a deli section as part of its grocery department.

26. Wal-Mart had approximately $559 billion in annual revenue in 2021, and employs approximately 38,000 workers in New York State alone, at least 2,000 of whom work in its deli sections.

27. Wal-Mart is an employer of Plaintiff under the New York Labor Law.

28. Defendant had and continues to have the power to hire and fire employees; supervise and control employee work schedules or conditions of employment; determine the rate and method of payment; and maintain employment records.

29. Plaintiff began working for Defendant at their store located in New Hartford, New York, in or about 2015. He was assigned to work in the deli.

30. Plaintiff transferred to the store located in North Utica, New York (710 Horatio Street, Utica, New York 13502) in or about 2018.

31. Plaintiff is still employed by Defendant.

**Wal-Mart's Uniform Policy**

32. All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

33. To the best of Plaintiff's recollection, he worked for Defendant in New York State from around August 2019 until around November 2020, at a Wal-Mart location in Utica, New York and then again from around April 2021 to the present.

34. Plaintiff's job duties included: taking deli food orders from customers; preparing customer food orders including sandwiches, subs, sliced deli meats, and cold cuts; preparing pre-made food packages for customers including potato salad, pastas, and vegetable platters; checking out and serving customers; and performing general cleaning tasks needed to ensure food safety standards.

35. Plaintiff was required to wear a uniform at all times while employed by Defendant.

36. The uniform consisted of a shirt emblazoned with Defendant's Wal-Mart logo as well as an apron.

NYSCEF DOC. NO. 1
INDEX NO. EFCA2023-000162
RECEIVED NYSCEF: 01/22/2023

Case 6:23-cv-00300-DNH-ATB    Document 2    Filed 03/06/23    Page 8 of 14

37. When Plaintiff began working for Defendant, he was provided with two shirts bearing Defendant's logo and told to wear the uniform to work every day as well as an apron.

38. More recently the company changed the uniform to a new shirt style. Plaintiff was provided with one shirt. He requested additional and was told none were available.

39. Defendant kept its deli workers' aprons at its store locations and washed them while its deli workers had to bring their shirts home and wash those themselves.

40. During Plaintiff's employment he routinely worked 5 days per week.

41. Plaintiff did, in fact, wear the uniform every shift.

42. During each shift, the work performed, caused the uniform to require washing in order to be ready to be worn for the next workshift. Often, the shirt required heavy washing to address stains from grease and other food items.

43. Defendant's policies that require the uniforms be clean when worn.

44. In contrast to the requirements of New York State's Wage Order, Defendant Wal-Mart's policies failed to provide shirts to Plaintiff and the proposed class in sufficient numbers, nor did they keep the required shirts at work and offer to clean the shirts for their employees or pay uniform maintenance costs.

45. Defendant did not launder Plaintiff's and the proposed class's required uniforms, did not offer to launder the uniforms, and instead reprimanded them for not bearing the cost and time of cleaning and maintaining the required uniforms.

46. Plaintiff's uniforms were issued by Defendant to them for the expressed benefit of Defendant and it was a condition of Plaintiff's employment to wear them in a clean condition during each shift.

47. Defendant never paid any uniform maintenance pay or reimburse the cost of maintaining the uniform.

48. This pattern of conduct was continuous throughout Plaintiff's employment.

49. Defendant's unlawful conduct has been widespread, repeated, and consistent.

50. Upon information and belief, Defendant does not and has not maintained records of the number of uniforms provided to their employees.

**Plaintiff's Surgery and Termination**

51. In or around October 2020, in compliance with Defendant's company policy, Plaintiff completed an official form in advance of undergoing necessary surgery on his knee to request an excused and paid medical leave.

52. On or around November 11, 2020, Defendant approved Plaintiff's medical leave request to cover the period from November 6, 2020 to January 11, 2021, and he proceeded with his surgery.

53. Approximately one week after his surgery, on or around November 13, 2021 Plaintiff was contacted by Sedgwick, a company that administers short term disability insurance and claims on behalf of Wal-Mart and its employees, who informed Plaintiff that his paid medical leave claim was denied because Wal-Mart had terminated Plaintiff's employment.

54. Plaintiff called Wal-Mart to ask why his employment had been terminated. A representative from Wal-Mart's human resources department said they had no record of his employment being terminated.

55. Plaintiff called back the next day and spoke with a representative from Wal-Mart's human resources department who confirmed that Plaintiff's employment had been terminated for "points," a disciplinary system where employees accumulated points for being late or other workplace infractions.

56. Plaintiff disputed this fact and denied the claim he had points to warrant termination.

57. Plaintiff had to repeatedly call both his local managers at the Horatio Street Wal-Mart insisting he be reinstated. He was not reinstated for several months causing him to miss out on his paid leave, and preventing him from returning to work despite doctors clearing him to return.

## FIRST CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*New York Uniform Maintenance Pay Class Claim*

58. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

59. Defendant required Plaintiff and the Class to wear a uniform consisting of a shirt emblazoned with Defendant's logo.

60. Plaintiff and the Class's uniforms were issued by Defendant for the expressed benefit of Defendant and it was a condition of their employment to wear them during each shift.

61. Defendant never paid Plaintiff any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

62. Defendant failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff and the Class.

63. Defendant did not, and did not offer, to, wash, iron, dry clean, alter, repair, or perform other maintenance necessary for Plaintiff's or the Class' required uniform.

64. Defendant did not maintain Plaintiff's or the Class' required uniform under the meaning of the New York Labor Law.

65. Defendant did not, and did not offer to, launder the required uniforms free of charge and with reasonable frequency, and did not inform Plaintiff or the Class in writing of such service.

66. Plaintiff and the Class's uniforms were issued by Defendant for the express benefit of Defendant and it was a condition of their employment to wear them during each shift.

67. Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

68. Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendant requires.

69. Defendant never paid Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of maintaining uniforms nor did they provide them in sufficient number to cover all workshifts of in accordance with 12 N.Y.C.R.R. § 146-1.7.

70. Defendant's conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 146 the Minimum Wage Order.

## SECOND CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF

*Discrimination under the New York State Human Rights Law*

71. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

72. Plaintiff's need for knee surgery, his undergoing necessary knee surgery, and his recovery from that surgery constitute a "disability" as that term is defined under NYSHRL, § 292(21).

73. Defendant's termination of Plaintiff's employment solely on the basis of that disability constitutes discrimination.

74. By the aforementioned actions, Defendant discriminated against Plaintiff, costing him the terms, conditions and privileges of his employment, on the basis of his disability in violation of NYSHRL § 296(1)(a).

75. As a result of the discrimination engaged in by Defendant, Plaintiff has suffered damages, including deprivation of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, humiliation, and damage to reputation and career.

76. Under the NYSHRL, § 290, et seq. Plaintiff is entitled to economic damages, including but not limited to loss of past and future income, compensation, and benefits, including interest thereon, as compensatory damages for his physical suffering and emotional distress.

77. Defendant's discriminatory actions constituted willful violations of the NYSHRL, for which Plaintiff is entitled to punitive damages, pursuant to NYSHRL, § 297(9).

78. Plaintiff is also entitled to attorney's fees pursuant to NYSHRL § 297(10), and costs of this action.

### THIRD CAUSE OF ACTION

### ON BEHALF OF PLAINTIFF

*Retaliation under the New York State Human Rights Law*

79. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

81. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

82. Defendants have engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendant as follows:

a. Certification of a class as described herein pursuant to CPLR Article 9 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

b. All damages which Plaintiff and the Class have sustained as a result of Defendant's conduct, including but not limited to unpaid and underpaid wages and other compensatory damages;

c. Prejudgment and post-judgment interest;

d. Damages in the form of back pay with interest based on Plaintiff's appropriate compensation had he not been discriminated against;

e. Compensatory damages for his physical pain, emotional pain and suffering, mental anguish, distress, humiliation, and loss of reputation, and interest thereon, in an amount to be determined at trial;

f. Punitive Damages in an amount to be determined at trial pursuant to New York Law, the NYSHRL § 297(9);

g. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL and/or NYSHRL action; and

    h.  A jury trial on these issues to determine liability and damages;

    i.  Such other relief as this Court shall deem just and proper.

Dated:   New York, NY            *Respectfully Submitted,*
         January 22, 2023

_____
Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com